UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

MIGUEL MONTOYA CRUZ,

Petitioner,

v.

MARKWAYNE MULLIN, et al.,

Respondents.

No. 1:26-CV-529-H

**ORDER**

Before the Court is Miguel Montoya Cruz's motion for a temporary restraining order. Dkt. No. 3. Cruz asks the Court to enjoin the respondents from transferring him to a different detention facility or removing Cruz from the United States until the Court resolves his habeas petition. *Id.* at 1.

The motion (Dkt. No. 3) is denied. Cruz cannot show a significant likelihood of success on the merits as to the arguments raised in his motion.

**1. Legal Standard**

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions. A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009). Thus, the party seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021). The party seeking relief must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the

movant's favor; and (4) issuing the injunction will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

**2. Analysis**

Cruz fails to demonstrate a substantial likelihood of success on the merits, which is fatal to his motion for a TRO. Cruz's motion raises minimal to no legal arguments and cites sparse authority as to why the Court should enjoin the respondents from transferring him to a different detention facility or removing him from the United States pending the Court's resolution of his habeas petition. Cruz asserts a bare-bones argument that his removal "could substantially interfere with [his] ability to obtain meaningful habeas relief and could complicate this Court's ability to provide effective relief," Dkt. No. 3 at 2, and that "[t]he balance of equities therefore favors preservation of the status quo," *id.* at 3.[1] Additionally,

[1] Even if Cruz were transferred to another holding facility in the United States, the Court would retain jurisdiction over his petition because "[j]urisdiction attached on [the] initial filing for habeas corpus relief, and it [is] not destroyed by [any] transfer of petitioner and accompanying custodial change." *Griffin v. Ebbert*, 751 F.3d 288, 290 (5th Cir. 2014).

granting his TRO would preserve the status quo of his being in custody, which he evidently does not want. *See Saechao v. Noem*, No. 3:26-CV-0624-X, 2026 WL 602783, at *2 (N.D. Tex. Mar. 4, 2026).

Cruz's habeas petition and motion also contradict each other such that the Court cannot adequately assess the merits of either. The motion states he "has been continuously detained since approximately March 28, 2026." Dkt. No. 3 at 2. But his habeas petition states that Cruz "has now been detained since [November 13, 2025]." Dkt. No. 1 at 5. The Court cannot assess the substance of Cruz's claim without knowing the basis or length of his detention.

Relatedly, Cruz's habeas petition is procedurally deficient and has provided no aid to the Court in determining the merits of the present motion. The petition states that Cruz "entered the United States on or about May 15, 2004," *id.* at 3, and that the entry was "without inspection into the United States," *id.* at 2. This fails to allege whether Cruz is an alien in the United States without admission or whether he was previously admitted to the United States before being placed in removal proceedings. Cruz's status is material to the resolution of his petition. In the interest of judicial economy and to determine whether an order to show cause should issue in this matter, *see* 28 U.S.C. § 2243; *Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998), the Court orders Cruz to file an amended petition, on or before October 21, 2026, adequately alleging the nature of Cruz's entry into the United States and whether Petitioner is an applicant for admission under 8 U.S.C. § 1225(a)(1).

Thus, at this juncture, the Court finds that Cruz has not demonstrated a likelihood of success on his due process claim. The Court recognizes that Cruz's habeas petition raises additional arguments that were not included in his emergency motion for TRO. *See* Dkt.

No. 1. The Court will address those arguments when resolving Cruz's habeas petition (Dkt. No. 1), which remains pending.

**3. Conclusion**

Because Cruz fails to show a substantial likelihood of success on the merits, the Court denies his motion for a TRO (Dkt. No. 3). The habeas petition (Dkt. No. 1) remains pending.

So ordered on October 14, 2026.

JAMES WESLEY HENDRIX
UNITED STATES DISTRICT JUDGE